IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WESLEY MORGAN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | **NO. 5:09-CV-114 (CAR)** |
| Warden ALEXIS CHASE, *et al.*, | : | |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

      Plaintiff **WESLEY MORGAN**, an inmate at the Truetlen Probation Detention Center in Soperton, Georgia, has filed a *pro se* 42 U.S.C. § 1983 civil rights action. Plaintiff's application to proceed *in forma pauperis* has been granted by separate order entered this date. Notwithstanding that plaintiff is being allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee, as explained later in this order and recommendation.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

      Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff was convicted of theft by taking, theft of a motor vehicle, and burglary on October 5, 2005, in the Superior Court of Chatham County. Plaintiff was sentenced to ten years, with two to serve in prison. According to plaintiff, his sentencing judge ordered that the effective date of his sentence be "backdated" to December 14, 2004. Plaintiff alleges that he should have been released from prison on December 14, 2006, but was improperly held in prison an additional 100 days, until March 24, 2007. Although plaintiff states that Warden Chase called the Georgia Department of Corrections about this matter, he also alleges that Warden Chase "ignored" the sentencing judge's order. The alleged error apparently originated when defendant Deputy Clerk Kelly (last name unknown) "submitted an incorrect affidavit of custodian, [which] resulted in a direct cause of violation of [plaintiff's] civil rights."

In addition to Warden Chase and Deputy Clerk Kelly, plaintiff sues the State of Georgia and Chatham County Commissioners.

Plaintiff seeks damages for being subjected to "false imprisonment."

## III.  DISCUSSION

### A.  State of Georgia

State governments are not "persons" who may be sued in a section 1983 action.  ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989).  Consequently, plaintiff has failed to state a claim against the State of Georgia.

### B.  Chatham County Commissioners

Although plaintiff does not allege any specific actions by the commissioners, presumably plaintiff names them as defendants because he believes the commissioners are liable for the actions of Deputy Clerk Kelly.  Any claims that plaintiff seeks to make against the Chatham County Commissioners must be construed as claims against Chatham County.  ***See e.g., Grech v. Clayton County, Ga.***, 335 F.3d 1326, 1343 (11th Cir.2003).  To establish municipal liability, plaintiff is required to show that Chatham County has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the alleged constitutional violation.  ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***Church v. City of Huntsville***, 30 F.3d 1332, 1343 (11th Cir. 1994).  He must also show a direct causal link between the alleged policy and the constitutional deprivations.  ***City of Canton, Ohio v. Harris***, 489 U.S. 387 (1989).  Plaintiff has not alleged any such elements; he has not even alleged that any of the Commissioners had knowledge of Deputy Clerk Kelly's conduct.

Accordingly, **IT IS RECOMMENDED** that defendants STATE OF GEORGIA and CHATHAM COUNTY COMMISSIONERS be dismissed from this action.  Pursuant to 28 U.S.C. §636(b)(1), the parties may file written objections to this RECOMMENDATION with the Clerk of court directed to the district judge assigned to this case, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### *C.  Warden Alexis Chase*

Plaintiff alleges a claim against Warden Alexis Chase for false imprisonment rising to the level of due process violation.  The Eleventh Circuit has recognized the constitutional right to be free from continued detention after the state knew or should have known that the prisoner was entitled to release.  ***Cannon v. Macon County***, 1 F.3d 1558, 1563 (11th Cir. 1993); ***Rivas v. Freeman***, 940 F.2d 1491 (11th Cir. 1991).  Given that plaintiff is proceeding *pro se* and construing all facts liberally in favor of plaintiff, the Court will allow this complaint to go forward against Warden Alexis Chase.

### *D.  Deputy Clerk Kelly*

With regard to Deputy Clerk Kelly, plaintiff does not allege that the "incorrect affidavit" resulted from intentional conduct.  Once again, construing the action most favorably to plaintiff, as the Court must do at this juncture, the Court will infer that plaintiff alleges an intentional act on the part of Deputy Clerk Kelly.  ***See e.g., Hyland v. Kolhage***, 267 Fed.Appx. 836 (11th Cir. Feb. 26, 2008) (vacating and remanding district court's § 1915(e)(2) dismissal of deputy clerk whom plaintiff alleged had illegally altered court minutes to include condition that was not ordered by the sentencing judge).

In order for this Court to perfect service on defendant, plaintiff must adequately identify her.  The Superior Court of Chatham County's website lists a Kelly Givens as a "Deputy Court Clerk."  Although it is not certain that Kelly Givens is the defendant Kelly named by plaintiff, this Court will treat her as the defendant and allow service to be made on her.

## SERVICE

Accordingly, it is hereby **ORDERED** that service be issued against defendants **WARDEN ALEXIS CHASE** and **DEPUTY CLERK KELLY GIVENS**, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

## ☞ DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute.  Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

<u>**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**</u>

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

<u>**DISCOVERY**</u>

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### <u>DIRECTIONS TO CUSTODIAN OF PLAINTIFF</u>

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

7

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞    After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 10th day of APRIL, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.