IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WESLEY MORGAN,<br><br>       Plaintiff<br><br>  VS.<br><br>ALEXIS CHASE, WARDEN, *et al.*,<br><br>       Defendants | NO. 5:09-CV-114 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION ON MOTION TO DISMISS

Defendant Alexis Chase has filed a motion seeking dismissal of the above-captioned §1983 action. Tab #12. Plaintiff Wesley Morgan has responded to the motion. Tab #22 and Tab #24. Defendant Chase has replied to the plaintiff's responses. Tab #23 and Tab #25. The motion is now ripe for review.

**PROCEDURAL AND FACTUAL BACKGROUND**

On October 6, 2005, plaintiff Wesley Morgan pled guilty to charges of theft and burglary in the Superior Court of Chatham County, Georgia. He was sentenced to ten (10) years of which he was to serve two (2) years in prison followed by three-hundred-sixty-five (365) days in a probation detention center. With respect to the specific amount of time the plaintiff had left to serve in prison, the sentencing judge's order specified that plaintiff Morgan was to be given credit for time served which, for purposes of this calculation, began December 14, 2004. Based upon this information, plaintiff determined that he was to be released from prison no later than December 14, 2006.

At some point during his incarceration at Men's State Prison, plaintiff met with defendant Chase to inquire about his release date.[1] Specifically, he believed that he was not being given credit for all of his time served. During this meeting, and to support his contention, plaintiff Morgan showed defendant Chase copies of documents containing details of his sentence. Following this meeting, and in an effort to resolve any possible discrepancy, defendant Chase promptly contacted the Georgia Department of Corrections (GDC) headquarters to investigate.

---

[1] It is unclear whether the plaintiff met with defendant Chase prior to or after the date he believed he was to be released.

In response, officials at GDC headquarters re-verified their calculations against copies of the plaintiff's Final Disposition Form and Affidavit of Custodian containing details of the plaintiff's detention prior to arriving at Men's State Prison.[2] The result of these actions led to the conclusion that plaintiff's calculations were incorrect. After learning of these findings, defendant Chase explained them to the plaintiff and allegedly stated that there was nothing more she would do about the issue. In response, and after being transferred to a probation detention center, plaintiff Morgan filed the instant action alleging, *inter alia*, that defendant Chase violated his Constitutional rights by causing him to be unlawfully imprisoned for a period of one-hundred (100) days in excess of his sentence. After waiving service, defendant Chase filed the instant motion seeking dismissal.

## LEGAL STANDARDS

### A. MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

---

[2]The Affidavit of Custodian was executed by defendant Kelly Givens, a deputy clerk of court in Chatham County, Georgia. A copy of this affidavit appears in the record. Tab #12.

## DISCUSSION

In her motion seeking dismissal, defendant Chase contends that plaintiff Morgan has, *inter alia*, failed to sufficiently state a claim against her. Consequently, she concludes that his claims against her must be dismissed. The undersigned agrees.

Courts have long held that claims alleging unconstitutional deprivations of liberty brought pursuant to 42 U.S.C. §1983 must include a showing that the defendant, acting under color of law, either intentionally or through deliberate indifference, proximately caused the alleged deprivation. *Rivas v. Freeman*, 940 F.2d 1491,1496 (11th Cir.1991). Consequently, negligent acts that result in unintended deprivations do not give rise to liability under 42 U.S.C. § 1983. *Taylor v. Ledbetter*, 818 F.2d 791, 793 (11th Cir.1987).

In this action, it is undisputed that defendant Chase acted promptly upon learning of plaintiff Morgan's concerns. The results of her actions revealed that the plaintiff's official release date had been calculated in accordance with the applicable law using information contained on a facially valid Final Disposition Form and a facially valid Affidavit of Custodian.[3] In view of this information, any claim that defendant Chase intentionally or through deliberate indifference, proximately caused a violation of the plaintiff's constitutional rights for which she should be held liable is untenable. Moreover, any assertion that defendant Chase's subsequent decision not to pursue the issue further somehow renders her liable for a deprivation is also without merit. That is, even accepting the plaintiff's assertion that he showed her documents that appeared to contradict the GDC's calculations, the defendants's decision to take no further action, viewed in the light of the information gleaned from her investigation, makes her decision, at most, negligent. Because negligent acts do not give rise to liability in actions brought pursuant to 42 U.S.C. §1983, the plaintiff's claims still fail.

---

[3] Use of these documents, and the methodology of calculating and crediting time served is dictated in this case by the provisions of O.C.G.A. § 17-10-12(b).

Accordingly, **IT IS RECOMMENDED** that defendant Chase's MOTION TO DISMISS be **GRANTED** and that she be terminated as a defendant in this action.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 27th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE