# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WESLEY MORGAN, | : | |
| Plaintiff, | : | Case No.: 5:09-CV-114 (CAR) |
| v. | : | |
| ALEXIS CHASE, WARDEN, et al., | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## *ORDER ON THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 26] to grant Defendant Chase's Motion to Dismiss. Plaintiff entered an untimely Objection to the Recommendation to Dismiss [Doc. 28]. Upon *de novo* review of the Recommendation and the entire record–even taking into account the late Objection–the Court agrees with the findings and conclusions of the United States Magistrate Judge. The Recommendation is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**. Defendant Chase's Motion to Dismiss is hereby **GRANTED**, and all corresponding claims are **DISMISSED** for failure to state a claim under Rule 12(b)(6). The case may proceed against Defendant Givens.

Plaintiff's objections primarily reassert his version of the facts, which, even when accepted as true, fail to sustain a claim upon which relief can be granted as against Defendant Chase under 42 U.S.C. § 1983. In his Complaint, Plaintiff asserts Defendant Chase violated his constitutional rights by causing him to be unlawfully imprisoned for one-hundred days beyond his original sentence. The pleadings established that Plaintiff alerted Defendant Chase to the discrepancy between Plaintiff's calculations and the official record regarding the amount of credit he should

receive for time-served. Defendant Chase responded by thereafter contacting the Georgia Department of Corrections to verify that the official record was correct.

In the Report and Recommendation, the Magistrate Judge thoroughly explains the requirements for asserting a valid claim alleging an unconstitutional deprivation of liberty. To do so, Plaintiff would have needed to show that Defendant Chase, while acting under color of law, either intentionally or through deliberate indifference, proximately caused a deprivation of Plaintiff's constitutionally protected rights. See Rivas v. Freeman, 940 F.2d 1491, 1496 (11th Cir.1991). Even assuming Plaintiff's calculations had been correct and he was not given the appropriate credit for time-served, Defendant Chase's actions were not the proximate cause of any corresponding constitutional deprivation. At most, Plaintiff would have a claim of negligence against Defendant Chase. Mere negligence on the part of Defendant Chase in not further pursuing the matter after immediately verifying the sentencing records at Plaintiff's request does not give rise to liability under 42 U.S.C. § 1983. See Taylor v. Ledbetter, 818 F.2d 791, 793 (11th Cir.1987).

In the Objection, Plaintiff also laments a perceived lack of sufficient evidence in the record, which he confidently concludes further discovery would cure in his favor. Here, Plaintiff misunderstands the applicable standard of law. When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all factual allegations in the complaint are accepted as true and all reasonable inferences construed in the light most favorable to the plaintiff. Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1270 (11th Cir. 2002), vacated on other grounds, 298 F.3d 1228 (11th Cir. 2002). As to the potential for discovery, the Supreme Court has recently pointed out that mere conclusions of law do not unlock the doors of discovery. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Rather, a complaint must state a plausible claim for relief in order to survive a motion to dismiss. Id. Plaintiff states no plausible claim in this case, because even

accepting all of his allegations as true, Defendant Chase's actions as Plaintiff pleads them would not, as a matter of law, rise to the level of intentional or deliberate indifference to Plaintiff's federally protected rights.

Having thus reviewed Plaintiff's Objection, the Court finds it to be without merit. The Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Defendant Chase's Motion to Dismiss is hereby **GRANTED**, and all corresponding claims are **DISMISSED** for failure to state a claim under Rule 12(b)(6). The case may proceed against Defendant Givens.

**SO ORDERED,** this 12th day of March, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

THC/ssh