IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WESLEY MORGAN,<br><br>                Plaintiff<br><br>VS.<br><br>KELLY GIVENS,<br><br>                Defendant | NO. 5:09-CV-114 (CAR)<br><br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U.S. MAGISTRATE JUDGE** |

## RECOMMENDATIONS

Before the court is the a motion seeking summary judgment filed by defendant Kelly Givens. Tab #31. On June 8, 2010, after receiving the defendant's motion, the undersigned notified plaintiff Wesley Morgan that a motion seeking summary judgment had been filed against him and directed him to file a response thereto. Tab #36. In his response, plaintiff Morgan asked that his case be dismissed. Tab #37. This request notwithstanding, the undersigned notes that the defendant has moved for summary judgment. Accordingly, the undersigned remains obligated to determine whether or not the standards for summary judgment have been met.

## LEGAL STANDARDS

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*
>>
>> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences drawn therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the opposing party cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988).

**DISCUSSION**

As noted above, plaintiff Morgan failed to file any substantive response to the instant motion seeking summary judgment. Accordingly, based upon the defendant's motion and the other records provided, the undersigned finds the facts to be those set forth by the defendant in her Statement of Material Facts which is incorporated herein. Tab #32. Moreover, after reviewing these facts, the undersigned finds no genuine dispute on any issue.

Plaintiff Morgan alleges in his complaint that defendant Givens violated one or more of his constitutional rights by sending the Department of Corrections an affidavit of custodian that contained incorrect calculations about the amount of time he had served in the county jail prior to being transferred to a Georgia Department of Corrections facility. In response, citing to and relying upon the evidence in this case, defendant Givens has shown that her involvement with allegedly incorrect affidavit was limited to her certification that the affidavit at issue was a true and complete copy of the one filed in and made a part of the official trial court record in plaintiff's criminal case. In light of the above, it is apparent that the plaintiff's allegation is unsubstantiated by evidence and that no deprivation of his constitutional rights has been established.

Accordingly, **IT IS RECOMMENDED** that the defendant's motion seeking summary judgment be **GRANTED** and that the plaintiff's motion seeking dismissal be DENIED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of these recommendations by mailing it to the LAST ADDRESS provided by him.

**SO RECOMMENDED**, this 29th day of SEPTEMBER, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE